IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CV-53-D

| | |
|---|---|
| JACKIE HOWARD PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On January 14, 2022, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E.18], grant defendant's motion for judgment on the pleadings [D.E. 22], and affirm defendant's final decision. See [D.E. 25]. On January 28, 2022, plaintiff objected to the M&R [D.E. 26].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. §§ 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, 952 F.3d 113, 120 (4th Cir. 2020); Woods v. Berryhill, 888 F.3d 686, 692–93 (4th Cir. 2018); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 952 F.3d at 120. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 952 F.3d at 120; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Shinaberry, 952 F.3d at 120; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Jones concerning whether the Administrative Law Judge ("ALJ") properly made a function-by-function assessment before finding that plaintiff can perform light work, whether the ALJ properly considered the opinions of consulting physician Dr. Patel, and of plaintiff's treating physicians Dr. Chafin and Dr. El-Khoury in determining plaintiff's Residual Functional Capacity ("RFC"), and in finding that plaintiff is not

2

disabled under Vocational Rule 201.14. Compare [D.E. 19] 3–28, with [D.E. 26] 1–3. Plaintiff also objects to the finding that the ALJ did not err in finding plaintiff's statements inconsistent with the medical evidence. Compare [D.E. 19] 28–30, with [D.E. 26] 3. Plaintiff also objects to the finding that the ALJ properly posed a hypothetical question to the Vocational Expert ("VE"). Compare [D.E. 19] 30–31, with [D.E. 26] 3.

Judge Jones and the ALJ applied the proper legal standards. See M&R [D.E. 25] 2–18. Moreover, substantial evidence supports the ALJ's analysis. See id. Thus, the court overrules the objections.

In sum, the court OVERRULES plaintiff's objections to the M&R [D.E. 26], ADOPTS the conclusions in the M&R [D.E. 25], DENIES plaintiff's motion for judgment on the pleadings [D.E. 18], GRANTS defendant's motion for judgment on the pleadings [D.E. 22], AFFIRMS defendant's final decision, and DISMISSES this action. The clerk shall close the case.

SO ORDERED. This 17 day of February, 2022.

JAMES C. DEVER III
United States District Judge